IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BYRON RAY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-740-WKW |
| | ) | [WO] |
| KARLA JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BYRON RAY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-109-WKW |
| | ) | [WO] |
| KARLA JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is Plaintiff's motion for leave to appeal *in forma pauperis*. (Doc. # 61.) Two requirements must be met before such a motion may be granted. First, the prisoner must demonstrate, by affidavit and a certified copy of his prison trust fund account, that he is financially unable to pay fees and costs. 28 U.S.C. § 1915(a)(1)–(2). Second, notwithstanding a finding of economic eligibility,

he may not appeal *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

An objective standard is used in determining whether an appeal is taken in good faith, and good faith is shown when a party seeks appellate review of an issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal of an issue is "frivolous" when "it has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981).[1]

For the reasons stated in the Recommendation of the Magistrate Judge (Doc. # 55), to which there was no objection and which was adopted as the court's order (Doc. # 56), Plaintiff's appeal is without a legal or factual basis, has no substantive merit, and is frivolous for purposes of the IFP motion.

Therefore, it is ORDERED that Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. # 61) is DENIED.

DONE this 25th day of June, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.